UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILADELPHIA INDEMNITY
INSURANCE COMPANY, et al.,

    Plaintiffs,

    v.

SIMPLEX GRINNELL, L.P.,

    Defendant.
_____/

No. C 12-0567 PJH

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the court is defendant's motion for judgment on the pleadings. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows.

## BACKGROUND

This is an insurance subrogation case. Plaintiffs are Philadelphia Indemnity Insurance Company ("Philadelphia") and Mid-Century Insurance Company ("Mid-Century"), both of which seek compensation for payment on property damage claims. Defendant is Simplex Grinnell LP ("Simplex"), a designer, manufacturer, and installer of fire protection sprinkler systems.

According to the allegations in the complaint, Philadelphia issued a policy of casualty insurance to its insured University of Sports, LLC ("UOFS"), and Mid-Century issued a policy of casualty insurance to its insured El Capitan Investments, LLC ("El Capitan"). UOFS leased premises located in Rohnert Park, California ("the premises"), owned by El Capitan.

The policies insured UOFS and El Capitan from loss due to water, fire, and other catastrophes to their businesses, business personal property, real property, and other resulting damages as described in the policies. The policies also provided that in the event of an insured loss, the plaintiff insurers would be subrogated to any rights that the insureds might have against a third party who was responsible for the loss.

On July 8, 2010, a water discharge occurred at the premises, resulting in damage to the property and businesses. Plaintiffs allege that the water discharge came from a fire protection sprinkler system ("the sprinkler system") designed, manufactured, and installed by Simplex. UOFS and El Capitan filed claims with the plaintiff insurers. Philadelphia paid $351,413.28 on the claim submitted by UOFS, and Mid-Century paid $699,063.83 on the claim submitted by El Capitan.

Philadelphia and Mid-Century then filed this action seeking recovery of the amounts they paid their insureds. They allege a single cause of action in the complaint, for negligence. Simplex now seeks judgment on the pleadings.

**DISCUSSION**

A.  Legal Standard

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "challenges the legal sufficiency of the opposing party's pleadings." W. Schwarzer, et al, Federal Civil Procedure Before Trial ¶ 9:316 (2010); Fed. R. Civ. P 12(c). The legal standards governing Rules 12(c) and 12(b)(6) are "functionally identical." Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989), as both permit challenges directed at the legal sufficiency of the parties' allegations. Thus, a judgment on the pleadings is appropriate when the pleaded facts, accepted as true and viewed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law. Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1301 (9th Cir. 1992); see also Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

Articulating the standard for a Rule 12(b)(6) motion to dismiss, the Supreme Court noted that "the tenet that a court must accept as true all of the allegations contained in the

2

complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Indeed, "a plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. at 544, 555 (2007) (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

The standard articulated in Twombly and Iqbal applies equally to a motion for judgment on the pleadings. Cafasso, U.S. ex rel. v. General Dynamics, 637 F.3d 1047, 1054-55 & n.4 (9th Cir. 2011); see also Lowden v. T-Mobile USA, Inc., 378 Fed. Appx. 693, 2010 WL 1841891 at *1 (9th Cir., May 10, 2010) ("To survive a Federal Rule of Civil Procedure 12(c) motion, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face'" (quoting Twombly, 550 U.S. at 544)).

B.   Defendant's Motion

Simplex seeks judgment on the pleadings, arguing that the complaint fails to allege a duty that gives rise to the negligence claim. Simplex asserts that there is ordinarily no tort duty arising out of commercial contracts, as conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law.

Simplex contends that while the complaint provides no details about any work that was performed in connection with the sprinkler system, or about who hired Simplex, or about who owned the premises at the time the sprinkler system was installed, "common sense dictates" that Simplex entered into a commercial contract to perform the work on the sprinkler system. However, Simplex argues, because plaintiffs do not allege the existence of a contract, or in any way describe conduct that might give rise to a tort duty sufficient to support a negligence claim, the complaint should be dismissed for failure to state a claim.

In opposition, plaintiffs contend that they have adequately pleaded negligence, and that Simplex is not entitled to dismissal because the complaint provides fair notice of the claim and the grounds upon which it rests. They assert that the argument that they have

3

failed to allege a duty is a straw-man argument, based on an "imaginary" complaint for breach of contract. They contend that they do not allege any contractual breach, nor even that a contract exists, and that their suit sounds in negligence.

Plaintiffs argue that Simplex owed a legal duty of care to their insureds because those insureds owned and occupied the building where the sprinkler system was installed, not because of any specific contract, and because "everyone is responsible" for his or her negligent acts (citing California Civil Code § 1714(a)). Plaintiffs also contend that under California law, Simplex owed a duty of care to design, construct, supervise, inspect, manufacture, install, assemble and/or build a sprinkler system at the premises in a safe and reasonable manner, so as not to cause harm to persons or property (citing Rowland v. Christian, 69 Cal. 2d 108 (1968), superceded by statute on other grounds as stated in Perez v. Southern Pac. Transp. Co., 218 Cal. App. 3d 462 (1990); Sabella v. Wisler, 59 Cal. 2d 21 (1963); Stewart v. Cox, 55 Cal. 2d 857 (1961)). Plaintiffs assert that the complaint adequately alleges the duty and the other elements of a negligence claim, but also argue that if the court does dismiss the complaint, the dismissal should be with leave to amend.

The court finds that the motion must be GRANTED, though not entirely for the reasons argued by Simplex. As an initial matter, while the court does not agree that plaintiffs cannot state a claim for negligence under what appear to be the facts of this case, the court does find the facts as pled to be somewhat sketchy, such that it would be difficult for Simplex to frame a response. Nevertheless, the problem is not, as Simplex argues, that plaintiffs do not allege facts relevant to the factors cited in Stewart and Sabella, which the court finds would be better addressed in a dispositive motion. Rather, the problem is that the plaintiffs allege nothing more than that their insured's property was damaged, and plaintiffs paid the claim, and that they are now seeking recompense from Simplex.

An insurer is subrogated to the rights of its insured when it has paid a loss for which its insured has a right to recover from a third party. Truck Ins. Exch. v. Superior Court, 60 Cal. App. 4th 342, 350 (1997). Because a subrogated insurer stands in the shoes of the

4

insured and has no greater rights than the insured, see Allstate Ins. Co. v. Loo, 46 Cal. App. 4th 1794, 1799 (1996), a plaintiff subrogated insurer is required to allege facts reflecting the insured's entitlement to relief. If this were not a subrogation case, and the complaint had been filed by UOFS and El Capitan, they would have been required to allege facts regarding their relationship with Simplex – including, for example, who hired Simplex to design, manufacture, and install the sprinkler system, and when was it installed; as well as some facts describing the circumstances under which the water was discharged, and the nature of the resulting damage. In the absence of such facts, Simplex would have had difficulty responding to the complaint.

The court does not agree, however, with Simplex's suggestion that this is necessarily a commercial contract case (or possibly a breach of warranty case), and that for that reason there cannot be any tort recovery. It is true that "[a] person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." Aas v. Superior Court of San Diego County, 24 Cal. 4th 627, 643 (2000), superseded by statute on other grounds, Rosen v. State Farm Gen'l Ins. Co., 30 Cal. 4th 1070 (2003). "'[C]ourts will generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies.'" Erlich v. Menezes, 21 Cal. 4th 543, 552 (1999) (citation and quotation omitted). In analyzing tort claims arising out of commercial contracts,

> [t]he benefits of broad compensation must be balanced against the burdens on commercial stability. Courts should be careful to apply tort remedies only when the conduct in question is so clear in its deviation from socially useful business practices that the effect of enforcing such tort duties will be . . . to aid rather than discourage commerce.

Id. at 554 (quotations and citations omitted).

Providing tort remedies in connection with a breach of contract is particularly inappropriate when the sole injury to the plaintiff is economic. Id. at 554-55. In California, economic losses are defined as "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits – without any claim of personal injury or damages to other property." Frank M. Booth, Inc. v. Reynolds Metals

5

Co., 754 F.Supp. 1441, 1449 n.4 (E.D. Cal. 1991).  "The line between physical injury to property and economic loss reflects the line of demarcation between tort theory and contract theory."  Id.

"[T]he economic loss rule prevents the law of contract and the law of torts from dissolving one into the other." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 988 (2004) (quotation and citation omitted).  The rule depends on the distinction between commercial transactions in which economic expectations are protected by commercial and contract law, and transactions with individual consumers who are injured in a manner traditionally addressed through tort law.  Id.  The rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise."  Id.

In Erlich, the California Supreme Court held that "negligent performance of a construction contract, without more, [does not] justif[y] an award of tort damages."  Id., 21 Cal. 4th at 551.  "[C]onduct amounting to a breach of contract [only] becomes tortious when it also violates a duty independent of the contract arising from principles of tort law."  Aas, 24 Cal. 4th at 636; see also Erlich, 21 Cal. 4th at 551.

In construction defect cases, where a builder completed a structure and the purchaser accepted it, the former rule was that the builder was not liable to a third party for damages suffered from the work's condition, even though the builder was negligent.  The purchaser would have remedies against the builder in contract and warranty, but injured third parties had no clear remedy until the California Supreme Court expanded liability to include defects that cause property damage.  See Aas, 24 Cal. at 637-42.

Property damage does not include mere economic loss, such as repair and replacement costs.  Id. at 635-36; see also Zamora v. Shell Oil Co., 55 Cal. App. 4th 204, 208-11 (1997); Fieldstone Co. v. Briggs Plumbing Prods., Inc., 54 Cal. App. 4th 357, 363-67 (1997); San Francisco Unified School Dist. v. W.R. Grace & Co., 37 Cal. App. 4th 1318, 1327-30 (1995).  Nevertheless, where a complaint does allege property damage – e.g., a defect that causes harm to other portions of the property, as a result of a contractor's

6

negligence – the complainant has alleged a duty independent of any contract.  Robinson Helicopter, 34 Cal. 4th at 989 (citing Jimenez v. Superior Court, 29 Cal. 4th 473, 482-83 (2002)).  Thus, to the extent that plaintiffs are asserting property damage resulting from the negligence of Simplex, they can state a claim for negligence.

**CONCLUSION**

In accordance with the foregoing, the court finds that the motion must be GRANTED.  The dismissal is with leave to amend, to allege facts sufficient to support the elements of a claim of negligence.  If plaintiffs wish to add additional causes of action, or additional defendants, they must first seek leave of court (or agreement of Simplex).

The amended complaint shall be filed no later than June 11, 2012.  The May 16, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated:  May 11, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge